508 A.2d 1183

**Sandra A. FISHER, et al.,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE.**

**Gregory MATIC,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE.**

Supreme Court of Pennsylvania.

April 25, 1986.

Per Curiam:

Application denied.

LARSEN, Justice, dissenting.

I dissent to the denial of reargument in this case and to this court's inexplicable refusal to address the extremely important equal protection and due process issues that have been raised and preserved by petitioners throughout this proceeding.

On October 21, 1985, this Court decided *Fisher v. Commonwealth Department of Public Welfare,* 509 Pa. 164, 501 A.2d 617 (1985). The plurality opinion [1] of Justice Papadakos states:

> The sole issue raised by these appeals is Commonwealth Court's conclusion that persons who did not meet statutory requirements for eligibility for unemployment compensation benefits have "exhausted" their unemployment compensation benefits so as to meet the elements of the legislative definition of chronically needy persons. At issue is the meaning of the word "exhausted" as used in the Public Welfare Code.

509 Pa. at 168, 501 A.2d at 619. Reviewing and discussing only this so-called "sole issue", the plurality held:

> Because we read our statute and the legislative history behind it to impose stricter standards for claimants to receive benefits under the Act, we must conclude that the Legislature intended "exhaust" to mean the Appellees must have qualified for and received unemployment compensation benefits and depleted their entitlement to same in order to qualify for and receive general assistance benefits as chronically needy persons.

509 Pa. at 171, 501 A.2d at 620. Joined in the result by two Justices (*see* note 1, *supra*), the plurality reversed the Commonwealth Court and denied general assistance relief to the appellees/claimants.

---

**1.** In this fragmented decision, Justice Papadakos was joined by Justices Flaherty and McDermott; Justice Zappala concurred in the result and filed a concurring opinion; Justice Hutchinson concurred in the result; separate dissenting opinions were filed by Chief Justice Nix and by this writer.

The concurring and dissenting opinions responded only to this "sole issue" of statutory construction. However, as petitioners [2] and amicus curiae AFL–CIO correctly point out in their application for reargument, the statutory construction of the Public Welfare Code and the word "exhausted" was *not the sole issue* before the Commonwealth Court or before this Court.

On appeal to Commonwealth Court, the petitioners/claimants challenged the denial of benefits by the Department of Public Welfare (DPW) *on two grounds:* first, that DPW's interpretation of the Public Welfare Code, specifically the word "exhausted," was erroneous; and second, that *if* the Commonwealth Court accepted DPW's interpretation, *then* the challenged provision of the Public Welfare Code should be declared unconstitutional as violative of petitioners' rights to equal protection and due process of law under both the state and federal constitutions. As appellant DPW stated in its brief, "[b]ecause Commonwealth Court reversed the decision of the Department of Public Welfare on statutory interpretation grounds, the Court's opinion did not address the constitutional arguments raised by the [petitioners]." Brief for appellant at 9a.

On appeal before this Court, the petitioners reiterated their constitutional challenge to the Public Welfare Code in the event this Court accepted DPW's statutory interpretation. Brief for appellees at 31–57. That event occurred but, inexplicably, this Court failed to mention, let alone resolve, the constitutional challenge. In their application for reargument, petitioners state:

> By characterizing the statutory construction issue ... as "[t]he sole issue ...," the Court has completely ignored the deeper, constitutional dimensions of these cases. Essentially, by addressing itself only to the statutory interpretation issue, the Court has so far resolved only one-

**2.** Petitioners are appellees Sandra A. Fisher, Enrique Arabi and Gunther Schneider. The Pennsylvania AFL–CIO has filed an amicus statement in support of the application for reargument.

half of these cases. Having decided what the legislature meant by "exhaust," the more fundamental and critically important question remains—*constitutionally*, can "exhaust" be so interpreted so as to allow subsistence benefits to one class of poor persons ... while denying such survival benefits to another class of equally needy persons.... [Petitioners] ask, and still ask, that the Court exercise its proper *judicial* role of reviewing the constitutionality of the legislative classification at issue. *Marbury v. Madison*, 1 Cranch [5 U.S.] 137, 2 L.Ed.2d (sic) 60 (1803). It is axiomatic that "it is the duty of courts to be watchful for the constitutional rights of the citizen." *Boyd v. United States*, 116 U.S. 616, 635 [6 S.Ct. 524, 535, 29 L.Ed. 746] (1886). "Citizens" includes poor people.

Application for Reargument at 3–4.

I quite agree with petitioners that this Court's refusal to address their constitutional challenge to the Public Welfare Code as interpreted by the DPW and this Court (a challenge which has much merit, I hasten to add) is a failure of this Court to perform its judicial function and an abrogation of our constitutionally mandated obligations.[3] Accordingly, I would grant reargument in this case or *at a minimum* would remand the case to Commonwealth Court to address and resolve the significant constitutional challenge to the Public Welfare Code.

**3.** I also agree that the fragmentation of opinion and non-precedential value of this case, *see* note 1, *supra,* heightens the need for reargument. As petitioners state, the "spread of opinion and the total lack of principled, constitutional reasoning in the Court's Opinion unfortunately makes this decision resemble a Jackson Pollack drip painting. It may to some be beautiful to behold, but to those who lack esthetic sensibilities, it is difficult if not impossible to determine the meaning and direction beneath the spread." Application for Reargument at 8.